Richard L. Stone (S.B. No. 110022)
David Ben-Meir (S.B. No. 192028)
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
rlstone@hhlaw.com
dhben-meir@hhlaw.com

Ronald E. Naves, Jr. (S.B. No. 155753)
Jeffrey A. Fehervari (S.B. No. 181124)
GEMSTAR TV-GUIDE INTERNATIONAL INC.
6922 Hollywood Boulevard, 4th Floor
Los Angeles, California 90028
Telephone: (323) 817-4930
Facsimile: (323) 817-4759
ron.naves@tvguide.com
jeff.fehervari@tvguide.com

Attorneys for Plaintiff
ODS TECHNOLOGIES, L.P., d/b/a TVG NETWORK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ODS TECHNOLOGIES, L.P., d/b/a TVG NETWORK, a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>MAGNA ENTERTAINMENT CORPORATION, a Delaware corporation; and HRTV, LLC., a Delaware limited liability company; XPRESSBET, INC., a Delaware corporation,<br><br>Defendants. | Case No.: CV 07-03265 DDP (RCx)<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |
| AND RELATED COUNTERCLAIMS | |

\\\LA - 097424/000072 - 372114 v1

Plaintiff ODS Technologies, L.P. alleges for its First Amended Complaint the following:

## THE PARTIES

1. Plaintiff ODS Technologies, L.P. ("ODS") is a Delaware Corporation that does business as the TVG Network, with its principal place of business at 6701 Center Drive West, Suite 160, Los Angeles, California 90045.

2. Defendant Magna Entertainment Corporation ("MEC") is a Delaware corporation with its principal place of business in Ontario, Canada.

3. Defendant HRTV, Inc. ("HRTV") is a California corporation with its principal place of business in Arcadia, California. On information and belief, MEC owns 50% of HRTV.

4. Defendant XpressBet, Inc. ("XpressBet") is a Delaware corporation with its principal place of business in Washington, Pennsylvania. On information and belief, XpressBet is a wholly-owned subsidiary of MEC.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over this matter based on 28 U.S.C. §§ 1338(a) and 1331.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 1400(b).

7. This Court has personal jurisdiction over Defendants by virtue of their systematic, continuous, and routine contact with California. For example, MEC owns and operates Santa Anita Park, in Arcadia, California, and Golden Gate Fields, in Albany, California. HRTV has its principal place of business in Valencia, California. XpressBet is licensed by the State of California's California Horseracing Board to simulcast horse races and accept wagers from California residents. In 2006, California residents transacted $50 million in wagers through XpressBet.

## PATENTS-IN-SUIT

8.  United States Patent No. 6,089,981 ("the '981 patent"), entitled "Interactive Wagering Systems and Processes," was issued July 18, 2000 to Brenner et al., and is owned by ODS. A copy of the '981 patent is attached as Exhibit A.

9.  United States Patent No. 6,554,709 ("the '709 patent"), entitled "Interactive Wagering Systems and Processes," was issued April 29, 2003 to Brenner et al., and is owned by ODS. A copy of the '709 patent is attached as Exhibit B.

10. United States Patent No. 5,830,068 ("the '068 patent"), entitled "Interactive Wagering Systems and Processes," was issued November 3, 1998 to Brenner et al., and is owned by ODS. A copy of the '068 patent is attached as Exhibit C.

11. United States Patent No. 6,004,211 ("the '211 patent"), entitled "Interactive Wagering Systems and Processes," was issued December 21, 1999 to Brenner et al., and is owned by ODS. A copy of the '211 patent is attached as Exhibit D.

12. Untied States Patent No. 7,229,354 ("the '354 patent"), entitled "Interactive Wagering Systems and Methods for Restricting Wagering Access," was issued June 12, 2007 to McNutt et al., and is owned by ODS. A copy of the '354 patent is attached as Exhibit E. The '981, '709, '068, '211 and '354 patents are referred to collectively herein as the "Asserted Patents."

## DEFENDANTS' INFRINGING XPRESSBET AND HRTV SYSTEMS

13. On information and belief, on or about January of 2002, Defendants began marketing and selling racetrack audiovisual and wagering services under the brand names "XpressBet" and "HRTV" to customers in this District and other parts of the United States. Defendants offer these services through at least one interactive wagering system that practices one or more claims of each of the

Asserted Patents.

## First Claim for Relief
### INFRINGEMENT OF U.S. PATENT NO. 6,089,981

14. Plaintiff incorporates by reference paragraphs 1 through 12 above, as though fully set forth herein.

15. Defendants have directly infringed, contributorily infringed, and/or actively induced infringement of the '981 patent by making, using, importing, offering for sale, and/or selling in the United States an interactive wagering system incorporating technology that practices one or more claims of the '981 patent.

16. Defendants' infringement of the '981 patent is without the consent of, authority of, or license from ODS.

17. On information and belief, Defendants have been given actual notice of their infringement of the '981 Patent.

18. On information and belief, Defendants' infringement of the '981 patent has been and continues to be deliberate and willful, and such infringement will continue unless Defendants are preliminarily and permanently enjoined by this Court.

19. As a consequence of Defendants' infringement complained of herein, ODS has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

## Second Claim for Relief
### INFRINGEMENT OF U.S. PATENT NO. 6,554,709

20. Plaintiff incorporates by reference paragraphs 1 through 18 above, as though fully set forth herein.

21. Defendants have directly infringed, contributorily infringed, and/or actively induced infringement of the '709 patent by making, using, importing, offering for sale, and/or selling in the United States an interactive wagering system

incorporating technology that practices one or more claims of the '709 patent.

22. On information and belief, Defendants' infringement of the '709 patent is without the consent of, authority of, or license from ODS.

23. On information and belief, Defendants have been given actual notice of their infringement of the '709 Patent.

24. On information and belief, Defendants' infringement of the '709 patent has been and continues to be deliberate and willful, and such infringement will continue unless Defendants are preliminarily and permanently enjoined by this Court.

25. As a consequence of Defendants' infringement complained of herein, ODS has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

**Third Claim for Relief**

**INFRINGEMENT OF U.S. PATENT NO. 5,830,068**

26. Plaintiff incorporates by reference paragraphs 1 through 24 above, as though fully set forth herein.

27. Defendants have directly infringed, contributorily infringed, and/or actively induced infringement of the '068 patent by making, using, importing, offering for sale, and/or selling in the United States an interactive wagering system incorporating technology that practices one or more claims of the '068 patent.

28. Defendants' infringement of the '068 patent is without the consent of, authority of, or license from ODS.

29. On information and belief, Defendants have been given actual notice of their infringement of the '068 Patent.

30. On information and belief, Defendants' infringement of the '068 patent has been and continues to be deliberate and willful, and such infringement will continue unless Defendants are preliminarily and permanently enjoined by this

1  Court.

2      31.    As a consequence of Defendants' infringement complained of herein,
3  ODS has been damaged and will continue to sustain damages by such acts in an
4  amount to be determined at trial and will continue to suffer irreparable loss and
5  injury.

### Fourth Claim for Relief

### INFRINGEMENT OF U.S. PATENT NO. 6,004,211

8      32.    Plaintiff incorporates by reference paragraphs 1 through 30 above, as
9  though fully set forth herein.

10      33.    Defendants have directly infringed, contributorily infringed, and/or
11  actively induced infringement of the '211 patent by making, using, importing,
12  offering for sale, and/or selling in the United States an interactive wagering system
13  incorporating technology that practices one or more claims of the '211 patent.

14      34.    Defendants' infringement of the '211 patent is without the consent of,
15  authority of, or license from ODS.

16      35.    On information and belief, Defendants have been given actual notice
17  of their infringement of the '211 Patent.

18      36.    On information and belief, Defendants' infringement of the '211
19  patent has been and continues to be deliberate and willful, and such infringement
20  will continue unless Defendants are preliminarily and permanently enjoined by this
21  Court.

22      37.    As a consequence of Defendants' infringement complained of herein,
23  ODS has been damaged and will continue to sustain damages by such acts in an
24  amount to be determined at trial and will continue to suffer irreparable loss and
25  injury.

### Fifth Claim for Relief

### INFRINGEMENT OF U.S. PATENT NO. 7,229,354

28      38.    Plaintiff incorporates by reference paragraphs 1 through 37 above, as

1  though fully set forth herein.

2      39.    Defendants have directly infringed, contributorily infringed, and/or
3  actively induced infringement of the '354 patent by making, using, importing,
4  offering for sale, and/or selling in the United States an interactive wagering system
5  incorporating technology that practices one or more claims of the '354 patent.

6      40.    Defendants' infringement of the '354 patent is without the consent of,
7  authority of, or license from ODS.

8      41.    On information and belief, Defendants have been given actual notice
9  of their infringement of the '354 Patent.

10      42.    On information and belief, Defendants' infringement of the '354
11  patent has been and continues to be deliberate and willful, and such infringement
12  will continue unless Defendants are preliminarily and permanently enjoined by this
13  Court.

14      43.    As a consequence of Defendants' infringement complained of herein,
15  ODS has been damaged and will continue to sustain damages by such acts in an
16  amount to be determined at trial and will continue to suffer irreparable loss and
17  injury.

## PRAYER FOR JUDGMENT AND RELIEF

19  WHEREFORE, Plaintiff demands a trial by jury and requests judgment
20  against Defendants as follows:

21      A.    Pursuant to 35 U.S.C. § 271, a determination that Defendants have
22  directly infringed, contributorily infringed, and/or actively induced infringement of
23  U.S. Patent Nos. 6,089,981; 6,554,709; 5,830,068; 6,004,211; and 7,229,354 by
24  making, using, importing, offering for sale, and/or selling in the United States, or
25  by inducing or contributing to the making, use, importation, offering for sale,
26  and/or sale of, infringing services;

27      B.    Pursuant to 35 U.S.C. § 283, an order that Defendants be preliminarily
28  and permanently enjoined from infringing the Asserted Patents through the

1 | manufacture, use, import, offer for sale, and/or sale of the infringing services, or
2 | through inducing or contributing to the making, use, importation, offering for sale,
3 | and/or sale of the infringing services;

4 |     C.    Pursuant to 35 U.S.C. § 284, an award of damages adequate to
5 | compensate Plaintiff for infringement of the Asserted Patents, but in no event less
6 | than a reasonable royalty, together with prejudgment interest, costs and
7 | disbursements as fixed by the Court;

8 |     D.    Pursuant to 35 U.S.C. § 284, an award increasing damages up to three
9 | times the amount found or assessed for infringement of the Asserted Patents by
10 | Defendants due to the willful and deliberate nature of the infringement;

11 |     E.    Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional
12 | case and entry of judgment for Plaintiff's costs with an assessment of interest and
13 | reasonable attorney fees;

14 |     F.    Award of pre-judgment interest; and
15 |     G.    Such other and further relief as the Court deems equitable and just.

Date:  January 11, 2008

HOGAN & HARTSON L.L.P.
Richard L. Stone
David Ben-Meir

GEMSTAR TV-GUIDE INTERNATIONAL, INC.
Ronald E. Naves, Jr.
Jeffrey A. Fehervari

By: _____ /s/ *David H. Ben-Meir* _____
                David Ben-Meir

Attorneys for Plaintiff
ODS TECHNOLOGIES, L.P., d/b/a TVG NETWORK

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38-1, Plaintiff demands a trial by jury on all issues triable as of right by a jury.

Date: January 11, 2008

HOGAN & HARTSON LLP
Richard L. Stone
David Ben-Meir

GEMSTAR TV-GUIDE INTERNATIONAL, INC.
Ronald E. Naves Jr.
Jeffrey A. Fehervari

By: _____/s/ *David H. Ben-Meir*_____
        David H. Ben-Meir

Attorneys for Plaintiff
ODS TECHNOLOGIES, L.P., d/b/a TVG NETWORK

**PROOF OF SERVICE via Electronic Service**
**U.S. District Court CV 07-03265 DDP (RCX)**
**ODS vs. Magna, et al.**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is Hogan & Hartson L.L.P., 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067.

On January 11, 2008, I served the foregoing document(s) described as:

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

on the following person(s) in this action by placing *the original* thereof enclosed in a sealed envelope addressed as follows:

> Darryl M. Woo, Esq.
> dwoo@fenwick.com
> Robert R. Sachs, Esq.
> rsachs@fenwick.com
> Heather N. Mewes, Esq.
> hmewes@fenwick.com
> Mashhood Rassam, Esq.
> mrassam@fenwick.com
> FENWICK & WEST LLP
> 555 California Street
> 12th Floor
> San Francisco, California 94104

[] **BY U.S. MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**AND VIA**

[X] **BY E-MAIL** I caused to be transmitted via e-mail the document(s) listed above to e-mail addresses set forth above.

[X] **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2008, at Los Angeles, California.

| Elaine L. Mohr | /S/   *Elaine L. Mohr* |
|---|---|
| Name | Signature |

\\\LA - 097424/000072 - 372114 v1

9