Richard L. Stone (S.B. No. 110022)
David Ben-Meir (S.B. No. 192028)
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
rlstone@hhlaw.com
dhben-meir@hhlaw.com

Ronald E. Naves, Jr. (S.B. No. 155753)
Jeffrey A. Fehervari (S.B. No. 181124)
GEMSTAR TV-GUIDE
INTERNATIONAL INC.
6922 Hollywood Boulevard, 4th Floor
Los Angeles, California 90028
Telephone: (323) 817-4930
Facsimile: (323) 817-4759
ron.naves@tvguide.com
jeff.fehervari@tvguide.com

Attorneys for Plaintiff
ODS TECHNOLOGIES, L.P., d/b/a TVG
NETWORK



FILED
CLERK, U.S. DISTRICT COURT
APR 21 2008
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

NOTE CHANGES MADE BY THE COURT.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ODS TECHNOLOGIES, L.P., d/b/a TVG NETWORK, a Delaware limited partnership,<br><br>        Plaintiff,<br><br>vs.<br><br>MAGNA ENTERTAINMENT CORPORATION, a Delaware corporation; and HRTV, LLC., a Delaware limited liability company; XPRESSBET, INC., a Delaware corporation,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 07-03265 DDP (RCx)<br><br>**STIPULATION AND <s>[PROPOSED]</s> PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Plaintiff ODS Technologies, L.P., d/b/a TVG Network and Defendants Magna Entertainment Corporation; HRTV, LLC; and XpressBet, Inc. (individually referred to as a "Party" and collectively referred to hereafter as the "Parties") believe that discovery in this matter may require the disclosure of information or matters that include trade secret or other confidential information including, but not limited to, research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), and that it would serve the interests of the parties and any third parties to conduct discovery under this Stipulation and Protective Order pursuant to Fed. R. Civ. P. 26(c). Accordingly, the Parties agree as follows:

**1. Definitions**

1.1. "Confidential Information" shall mean any information and things, whether revealed during a deposition, in a document, in a discovery response or otherwise, within the scope of Fed.R.Civ.P. 26(c) that may cause competitive harm to the Parties or to third parties if said information were made public or revealed to a competitor. The Parties contemplate that such Confidential Information will primarily include: (1) trade secret technical data and other confidential research, development and manufacturing information relating to the Parties' products or technology at issue in this case, and (2) financial, commercial, and marketing information relating to the Parties' products or technology in this case. Confidential Information shall not include any information which prior to disclosure thereof was public knowledge, or which, after disclosure thereof, becomes public knowledge as a result of publication by one having the unrestricted right to do so.

1.2. "Confidential-Outside Attorneys Eyes Only" or "OAEO" means any "Confidential Information" of which the production under a lesser designation is subject to a valid objection by a third party. In the case of information that is being produced directly by a third party, that third party may designate as OAEO any

information that falls within the definition of "Confidential Information," and that may cause competitive harm to the Producing Party if disclosed to the public or to a competitor. A Party to this litigation may designate Confidential Information that it produces as OAEO only if 1) disclosure of that information to the public or to a competitor may cause competitive harm to a third party; 2) the information was disclosed by that third party to the Producing Party under the terms of a confidentiality agreement; and 3) that third party has objected in writing to the production of the information under a lesser designation, and the written objection substantiates the existence of the confidentiality agreement.

    1.3.   In determining the scope of information which a Party may designate as its Confidential Information, each Party acknowledges the importance of client access to all information material to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential or OAEO Information and responses to requests to permit further disclosure of Confidential Information shall be made in good faith and (1) not to impose burden or delay on an opposing Party, (2) not for tactical or other advantage in litigation, and (3) not in order to avoid embarrassment. Further, each Party agrees to make best efforts to avoid inclusion of Confidential or OAEO Information in briefs and other captioned documents filed in Court and to cooperate on appropriate de-designations of material originally designated as Confidential Information or OAEO Information, in order to minimize sealing and designating such documents.

    1.4.   "Producing Party" shall mean any party who produces for inspection, provides access to, provides copies of, or otherwise discloses Confidential or OAEO Information to any other party.

    1.5.   "Requesting Party" shall mean any Party who requests the production, provision of access, provision of copies, or disclosure of Confidential or OAEO

2   STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

\\LA - 097424/000072 - 373394 v1

Information from a Producing Party.

1.6. "Receiving Party" shall mean any Party who receives the Confidential or OAEO Information of another party.

**2.      Administration and Logistics**

2.1. <u>Discovery Requests</u>

2.1.1. For written discovery responses and for documents and things produced in response to discovery requests which constitute or contain Confidential Information, the response or documents, as the case may be, shall be designated by the Producing Party at the time of production by stamping or otherwise affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.1.2. For deposition testimony, unless modified by agreement of counsel or Court order, only those persons authorized by this Order to receive Confidential Information may be present during depositions. Deposition testimony shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for a period of thirty (30) days after the deposition is taken to permit the opportunity for the parties to review the transcript and designate information contained therein as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." A party desiring to maintain the confidentiality of information disclosed at a deposition may designate the information under this Protective Order: (i) during the deposition, by designating on the record all, or a portion, of the testimony as Confidential or OAEO Information; or (ii) within thirty (30) days after the deposition is taken, by sending a written list of the portions of the transcript that contain such information to Outside Counsel for all Receiving Parties, and requesting that the list be affixed to the face of the transcript and to each copy thereof. Only those portions so designated in writing will thereafter be handled and marked in accordance with the provisions of this Protective Order.

2.2. Production of Confidential Information

The Parties agree to the following parameters for the production of Confidential and OAEO Information. Legible duplicates of documents, and where reasonably possible, of inspected things, may be used for all purposes in this action in the place of, and to the same extent that, "originals" may be so used. The "original" copy of the document, to the extent and in whatever form it may be found in the files of a party, and the original things, shall be made available for inspection at reasonable times upon reasonable request of the Requesting Party.

2.3. Inadvertent Disclosures

2.3.1. Privileged Material. If a Producing Party at any time notifies a Receiving Party, in writing, that it inadvertently produced documents, testimony, information and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, the Receiving Party shall return all copies of such documents, testimony, information and/or things to the Producing party within five (5) business days of receiving such notice and shall not further use such items for any purpose until further order of the Court. The return of any discovery item to the Producing Party shall not in any way preclude the Requesting Party from moving the Court for a ruling that the document or thing was never privileged.

2.3.2. Confidential or OAEO Information. The inadvertent production of any document or thing without a Confidential or OAEO designation shall be without prejudice to claim that such material is Confidential or OAEO. If the Producing Party asserts that such materials constitute Confidential or OAEO Information, the Receiving Party shall take prompt steps to ensure that all known copies of such material are marked according to the instructions of the Producing Party, and treated as such. Nothing in this section shall preclude a Party from

challenging the propriety of the claim of confidentiality.

3. **Authorized Access to Confidential and OAEO Information**

Access to and disclosure of all documents, testimony, information, and things received by counsel for Receiving Party pursuant to discovery, which are designated CONFIDENTIAL shall be limited to:

3.1. up to two (2) pre-designated in-house litigation counsel, as long as each remains employed as in-house litigation counsel for that Party, and their administrative assistants, secretaries, support staff and litigation support services, including without limitation copy services, document production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants and mock jurors, except that departing litigation counsel may be replaced by a substitute litigation counsel. For purposes of this order, "litigation counsel" shall be limited to licensed in-house counsel who are not involved in any of the Parties' patent prosecution or "competitive decision-making," as that term is defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) and *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992). Under the terms of this Protective Order, settlement discussions between the Parties shall not constitute "competitive decision-making";

3.2. outside counsel for the Parties, and their paralegals, administrative assistants, secretaries, support staff and litigation support services, including without limitation copy services, document production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants and mock jurors;

3.3. subject to Section 5 of this Order, outside consultants or experts retained by a Requesting Party in this litigation who are not employees of the Requesting Party or its affiliates. Individuals given access to Confidential or OAEO Information under this subsection shall agree to be bound by this Order to

the same extent as if they were a party to this agreement and shall not use a Producing Party's Confidential or OAEO Information: (1) for any purpose other than in connection with this litigation; (2) for the benefit of any other person or entity; (3) for patent prosecution; or (4) for "competitive decision-making" as defined above;

  3.4. any witness testifying in a deposition in this case, regardless of the current status of his or her employment, if it appears from the face of such Confidential or OAEO Information that the witness authored or was an intended or actual recipient of it, or if specific documentary evidence on its face indicates that the document was communicated to or from the witness and such communication was authorized by the party whose Confidential or OAEO Information is contained therein; and

  3.5. the Court, court reporters, videographers and court personnel, as necessary.

Access to and disclosure of all documents, testimony, information, and things received by counsel for a Receiving Party pursuant to discovery, which are designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be limited to those persons identified in sections 3.2, 3.3, 3.4 and 3.5.

Any individual with respect to the Receiving Party who actually has had access to documents or information of the Producing Party designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not thereafter participate, for a period of not less than one year and one day following said access, in (1) patent prosecution for the Receiving Party or any affiliate of the Receiving Party; or (2) "competitive decision-making" for the Receiving Party or any affiliate of the Receiving Party. Nothing herein shall preclude, however, a Party's own counsel or consultant from such activities where the documents or information in question were solely that Party's own.

Execution of this Order by the undersigned counsel shall constitute a representation that the Party represented by that counsel, including in-house counsel for that Party, and their paralegals, administrative assistants, secretaries, and support staff shall observe the terms of this Order.

4. **Briefs Containing Confidential or OAEO Information**

The parties shall comply with Local Rule 79-5 in all particulars. Pleadings, memoranda or other papers that contain or refer to Confidential or OAEO Information will be delivered to the Clerk of the Court in sealed envelopes and shall not be available for public inspection. Such sealed envelopes must be labeled with: (1) the title to this action; (2) the general nature of its contents; (3) the word "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"; and (4) a statement substantially in the following form:

> CONFIDENTIAL [– OUTSIDE ATTORNEYS' EYES ONLY"] – SUBJECT TO PROTECTIVE ORDER. This sealed container filed in this case, ODS Technologies, L.P., d/b/a/ TVG Network v. Magna Entertainment Corporation et al., United States District Court, Central District of California Case No. CV 07-03265 DDP (RCx), contains confidential materials which may be used only in connection with the prosecution or defense of this lawsuit. Pursuant to the Protective Order, the container shall not be opened nor the contents revealed except to the Court. After any such opening or revelation, the container shall be resealed with the contents inside.

5. **Consultants and Experts**

Before disclosing a Producing Party's Confidential or OAEO Information to any person listed in subparagraph 3.3, the Receiving Party shall give written notice to counsel for the Producing Party identifying the person, his or her address, and his or her present employer, and provide a curriculum vitae and a copy of Exhibit A attached hereto signed by that person. The Receiving Party shall also identify any

known present or former relationships between the consultant or expert and any Party, counsel for any Party, any Party affiliate or any known competitor of the Parties, and current and past (within the last 10 years) employment and consultations within the technical field of the present action. The Producing Party shall have ten (10) business days after receiving notification within which to object to the proposed disclosure. If the Parties are unable to resolve the objection, the Producing Party must file and serve a motion in compliance with Local Rule 37, seeking a protective order to prevent the disclosure to the person in question. Such motion must be filed within ten (10) business days of giving notification of the objection. A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection. Upon a timely objection and motion, no disclosure may be made to the person in question until the objection is resolved either by Order of the Court or by agreement of the parties in writing.

## 6. No Other Use

6.1. Under no circumstances shall any recipient of any Confidential Information or OAEO Information disclose or make use of such Information obtained by it, except for purposes of this civil action. By way of example only, and not in any way to limit the foregoing, Confidential Information or OAEO Information may not be used by any recipient for any business or commercial purposes, or in connection with any patent prosecution or licensing activities. Such restriction, however, shall not apply to information which, at or prior to disclosure thereof in this action, is or was public knowledge as a result of publication by one having unrestricted right to do so, or which previously was known to the Parties, or which later is disclosed to them by one having the unrestricted right to do so, or which is otherwise in the public domain.

6.2. If any Party is subpoenaed or subject to any other demand or legal process seeking Confidential or OAEO Information (other than its own

Confidential Information), that Receiving Party shall give prompt written notice, by electronic mail or facsimile transmission with confirmation via U.S. Mail, to the Party that produced such information, and shall object to its production to the extent permitted by law. Should the person seeking access to Confidential or OAEO Information take action against a Receiving Party or anyone else covered by this Order to enforce such a subpoena, demand, or other legal process, that Party shall first respond by setting forth the existence of this Order and shall give prompt written notice to the Producing Party of such action by electronic mail or facsimile transmission with confirmation via U.S. Mail. If no action is taken by the Producing Party within ten (10) business days following the notice of legal process or notice of action, the Receiving Party may thereafter comply with such legal process as required by law. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or OAEO Information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

7.  **Challenges to Confidential or OAEO Designation**

This Order shall be without prejudice to the right of any Party to bring before the Court the question of whether any particular item should no longer be designated as Confidential or OAEO Information under the terms of this Order.

8.  **Third Party Productions**

To the extent that documents, things and/or deposition testimony are sought from a third party, and in the event any documents, things and/or deposition testimony are obtained from a third party, such third party shall have the right to designate any such documents, things and/or deposition testimony as Confidential or OAEO Information, and the use of such Confidential or OAEO Information by any Receiving Party shall be governed in all respects by the terms of this Order. By

agreeing to be bound by the terms of this Order, a third party shall have the benefits, rights, and protection of a Producing Party under this Order and have standing under this Order to bring a claim for violations of its terms against the Parties and any person who signed an undertaking as provided by this Order. Such a third party must subject itself to the jurisdiction of this Court and comply with all terms of this Order.

9. **Court Hearings And Trial**

~~Any Court hearing that refers to or describes Confidential or OAEO Information will be held in camera in the Court's discretion.~~ The manner or presentation and use of Confidential or OAEO Information at trial will be addressed by the trial judge. The Parties reserve the right to move the Court for specific treatment of Confidential or OAEO Information during Court hearings or trial.

10. **Termination of Action – Lasting Obligations**

The parties have not yet agreed upon protocols for the retention, destruction, and/or return, at the conclusion of this matter, of all material designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY. Both parties agree that some such protocol is appropriate, but disagree as to the particulars.

Notwithstanding this disagreement, so as to facilitate the prompt entry of this Protective Order and the subsequent exchange of discovery, the parties have agreed to reserve this issue. Promptly following the submission to the Court of this Protective Order, the parties will file a joint stipulation setting forth their respective positions relating to post-termination document retention, unless the parties first reach an agreement. The parties will operate under the remaining terms of this Protective Order pending the resolution of the document retention issue.

11. **Rendering Advice**

Nothing herein shall restrict attorneys who are qualified recipients of

Confidential or OAEO Information under the terms of this Order from rendering advice to their client with respect to this action and, in the course thereof, from generally relying upon their examination of such Information. In rendering such advice or in otherwise communicating with the client, the attorneys shall not disclose the specific content of any Confidential or OAEO Information to any other person or party where such disclosure would not otherwise be permitted under the terms of this Order. Nothing in this paragraph shall permit such advising attorneys to use the Confidential Information to render advice on patent prosecution and/or prosecution strategy.

**12. No Admission or Waiver**

Entering into, agreeing to and/or producing or receiving Confidential or OAEO Information or otherwise complying with the terms of this Order shall not:

12.1. operate as an admission by any party or non-party that any particular Confidential or OAEO Information contains or reflects trade secrets, proprietary or commercially sensitive information or any other time of confidential information;

12.2. prejudice in any way the rights of any Producing Party to object to the production of documents they consider not subject to discovery;

12.3. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

12.4. prejudice in any way the rights of a party to seek a determination by the Court whether any documents, information or things should or should not be subject to the terms of this Order; or

12.5. prejudice in any way the rights of any Producing Party to petition the Court for a further protective order relating to any purportedly Confidential or OAEO Information.

IT IS SO ORDERED, *as amended in paragraphs 4, 5 and 9.*

_4/21/08_
Date

_/s/ Rosalyn Chapman_
The Honorable Rosalyn M. Chapman
United States Magistrate Judge

Date: April 10, 2008

HOGAN & HARTSON L.L.P.
Richard L. Stone
David H. Ben-Meir

GEMSTAR TV-GUIDE INTERNATIONAL, INC.
Ronald E. Naves, Jr.
Jeffrey A. Fehervari

By: _/s/ David H. Ben-Meir_
    David H. Ben-Meir

Attorneys for Plaintiff
ODS TECHNOLOGIES, L.P., d/b/a TVG NETWORK

Date: April 10, 2008

FENWICK & WEST L.L.P.
Darryl M. Woo
Heather N. Mewes
Carolyn Chang
Mashhood Rassam

By: _/s/ Mashhood Rassam for_
    Darryl M. Woo

Attorneys for Defendants
MAGNA ENTERTAINMENT CORPORATION;
HRTV, LLC; and XPRESSBET, INC.

\\LA - 097424/000072 - 373394 v1

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ODS TECHNOLOGIES, L.P., d/b/a TVG NETWORK, a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>MAGNA ENTERTAINMENT CORPORATION, a Delaware corporation; and HRTV, LLC., a Delaware limited liability company; XPRESSBET, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 07-03265 DDP (RCx)<br><br>**UNDERTAKING PURSUANT TO PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

I, _____, being duly sworn, state that:

1. My address is:

2. My present employer is:

3. My present occupation or job description is:

4. I have received a copy of the Joint Stipulation and [Proposed] Protective Order regarding Confidential Information ("Order") in the above entitled action and entered by the Court on _____.

5. I have carefully read and understand the provisions of the Order.

6. I certify that I am eligible to have access to Confidential and

1

\\LA - 097424/000072 - 373394 v1

Confidential-Outside Attorneys' Eyes Only Information under the terms of the Order, and if necessary thereunder, my curriculum vitae is attached hereto.

7. I will comply with all provisions of the Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action any Confidential Information disclosed to me.

9. I will destroy or return all Confidential and Confidential-Outside Attorneys' Eyes Only Information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained at the conclusion of my retainer or at the final termination of the litigation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this action.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746 and the laws of the United States, that the foregoing is true and correct.

_____
(Signature)

\\LA - 097424/000072 - 373394 v1