UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

O

| | |
|---|---|
| ODS TECHNOLOGIES, L.P., d/b/a TVG NETWORK, a Delaware limited partnership, <br><br> Plaintiff, <br><br> v. <br><br> MAGNA ENTERTAINMENT CORPORATION, a Delaware corporation; ~~HRTV, INC., a California corporation;~~ XPRESSBET, INC., a Delaware corporation, <br><br> Defendants. | Case No. CV 07-03265 DDP (RGx) <br><br> **ORDER REVERSING & REMANDING MAGISTRATE JUDGE'S ORDER; DENYING MOTION TO SUBMIT SUPPLEMENTAL EVIDENCE** <br><br> [Motions filed on November 17, 2008, Dkt. Nos. 208, 211] |

**I.   BACKGROUND**

This suit arises from alleged patent infringement, and the current discovery dispute relates to Defendants' assertion of an advice-of-counsel defense. Plaintiffs filed suit in November 2007, alleging that Defendants had infringed two of its patents. Plaintiffs amended their Complaint in 2008 and added allegations as to three more patents. Six years earlier, in 2001, Defendants had solicited infringement analysis opinions regarding three of these

patents from attorney Michael Glenn (which he provided in 2002).[1] Also in 2001, Defendants had sought "litigation advice" from their current trial counsel, Fenwick & West LLP. (Mot. 3.)

Due to its waiver of attorney-client privilege, Defendants provided Plaintiffs all of Glenn's opinion letters, work product, and communications, including all documents reflecting Defendants' reliance on Glenn's advice. (Mot. 4.) However, Plaintiffs argued that the waiver should extend to all privileged or work product material that related to the "subject matter" of Glenn's communications (the patents at issue), including Defendants' communications with its trial counsel and in-house counsel, and related work product. Defendants opposed this demand. The disputed documents were listed on a "privilege log," along with other of Defendants' documents relating to subjects over which they asserted attorney-client or work product privilege. (Mot. 4.)

On October 20, 2008, Plaintiffs filed a motion with the magistrate judge to compel discovery from Defendants' privilege log. Plaintiffs sought communications from Defendants' in-house counsel and trial counsel, based on the argument that Defendants had waived any attorney-client privilege for communications related to the same subject matter as Glenn's opinions. The magistrate judge granted Plaintiffs' motion and ordered the following:

> [D]efendant Magna is ordered to provide plaintiffs with all documents listed on its prelitigation privilege log, within ten (10) days from the date of this Order.

(Magistrate Judge's Order ("MJO"), October 31, 2008 at 7.) The magistrate judge's opinion was based on the following reasons:

---

[1] Glenn provided Defendants an infringement analysis opinion as to the two other patents in 2007 and 2008, respectively.

2

> [D]efendant Magna has not met its burden of demonstrating that any of [the items on the privilege log] are privileged . . . [because] the privilege log is insufficiently detailed to sustain a privilege claim . . . [and] Magna has provided absolutely no declarations or other evidence supporting the applicability of the attorney-client privilege or work product doctrine to any communication listed on the privilege log.

(MJO 5-6.)

Defendants now move to have this Court reverse the magistrate judge's order.

## II.  DISCUSSION

A magistrate judge's pre-trial discovery order can be reversed by the district court only if the order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Issues of law and legal conclusions are reviewed de novo, Grimes v. San Francisco, 951 F.2d 236, 241 (9th Cir. 1991), while factual findings are reviewed under the clearly erroneous standard.  Adolph Coors Co. v. Wallace, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

In general, a clearly erroneous standard is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'"  Concrete Pipe & Prods. of Cal., Inc. v. Construction Laborers Pension Trust, 508 U.S. 602, 623 (1993); Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997).  As such, the district court "may not simply substitute its judgment for that of the [magistrate judge]." Grimes v. San Francisco, 951 F.2d 236, 241 (9th Cir. 1991); see also Paramount Pictures Corp. v. Replay TV, 2002 U.S. Dist. LEXIS 28126, * 1 (C.D. Cal. 2002)(finding that a district court reviewing a magistrate judge's discovery orders is "not to decide what

3

1  decision [the district court] would have reached on its own, nor to
2  determine what is the best possible result considering all
3  available evidence").
4      Defendants argue that the magistrate judge's order was
5  contrary to law for two reasons: 1) the magistrate judge's decision
6  was based on issues the parties had not raised or briefed; and 2)
7  the scope of the magistrate judge's order is impermissibly broad.
8      It is the burden of the party asserting a privilege to prove
9  that the privilege applies.  The Court has carefully reviewed the
10 "Joint Stipulation Re: Plaintiffs' Motion to Compel Further
11 Discovery of Opinions of Counsel Relating to Defendants' Defense to
12 Willful Infringement."  (Joint Stip., Dkt. No. 154.)  Within the
13 stipulation, the Court has also reviewed the parties' statements
14 regarding their meet and confer efforts.  (Joint Stip. 52-54.)
15 Plaintiffs state that Defendants agreed "that they would amend
16 their log accordingly."  (Joint Stip., 52:24-25.)  There is no
17 further reference to the log, including whether it was amended.
18 The issue of the adequacy of the log appears to have essentially
19 disappeared as a dispute between the parties, except for one
20 footnote.  This footnote, read in its entirety, does raise the
21 adequacy of the privilege log, but then concedes that "it seems
22 clear enough from the context, the descriptions, the individuals
23 involved, and the fact that the communications were logged in
24 connection with this lawsuit, that these communications involve ODS
25 Patents."  (Joint Stip. 10, fn. 11.)  In short, the footnote cannot
26 fairly be said to put the adequacy of the privilege log at issue.
27     In sum, the adequacy of the privilege log and therefore
28 whether the privilege log provided adequate notice was not really

at issue in the motion before the magistrate judge.  In fact, it may be the case that the sufficiency of the privilege log had essentially been conceded.

It seems to the Court that the most appropriate resolution of this matter is to reverse the order and remand the dispute to the magistrate judge in order to resolve the scope of the waiver, which was essentially the legal issue that was in dispute between the parties.  Once the magistrate judge has issued her ruling, if the parties continue to contest the sufficiency of the privilege log, they are ordered to meet and confer and resolve any such dispute. In the event that they are unable to resolve this dispute, Defendants have the choice of either amending their privilege log or, in effect, asserting that it is adequate.  If Defendants elect the latter proposition, the parties will brief the issue and have the adequacy of the log resolved by the magistrate judge. Defendants' additional motion for leave to submit supplemental evidence is denied.

REVERSED AND REMANDED

IT IS SO ORDERED.

Dated: December 11, 2008

_____
DEAN D. PREGERSON
United States District Judge